## RYAN v. UNITED STATES.

No. 12.   Argued October 14, 1964.—Decided November 23, 1964.

*William R. Bagby* argued the cause and filed briefs for petitioner.

*Bruce J. Terris* argued the cause for the United States. On the brief were *Solicitor General Cox, Acting Assistant Attorney General Jones, Joseph. M. Howard* and *Norman Sepenuk.*

MR. JUSTICE HARLAN delivered the opinion of the Court.

In August 1961, Internal Revenue Agent Whelan issued a summons to taxpayer Ryan ordering him to produce his books for the years 1942 through 1953 inclusive. Ryan appeared but refused to produce the records, claiming that because tax liability for those years was long since barred except for fraud,[1] the agent had no right to examine the records unless he could show grounds for suspecting fraud.

The Government then instituted an enforcement proceeding in a federal district court pursuant to § 7402 (b) of the Internal Revenue Code of 1954.[2]   The complaint alleged that on the basis of estimated net worth calcula-

---

[1] I. R. C., § 6501. See *United States* v. *Powell,* decided today, *ante,* p. 48, at p. 49, note 2.

[2] See *id.,* at p. 52, note 10.

tions the agent strongly suspected fraud, and that examination of the records for the years in question was relevant and material in determining its existence. The taxpayer answered, putting the question of probable cause in issue, and, in addition, stating that he had not received the letter required by § 7605 (b) informing him that the Secretary or his delegate had determined the examination to be necessary.[3]

At the hearing the District Judge clearly indicated his opinion that the Government need not show probable cause for suspecting fraud, and ordered Ryan to produce those records which he had available. Although the hearing confirmed Ryan's assertion that no "necessity letter" had been sent to him, the judge made no mention of this, probably because counsel did not press the point.

The Court of Appeals affirmed, 320 F. 2d 500, on the theory that no full-scale showing of probable cause need be made. Except for the records relating to the year 1945, which appeared to have been once previously examined, the court ruled that no necessity letter was required by § 7605 (b) because the Government had made no previous examination of those years.

We granted certiorari, 376 U. S. 904, on the only issue raised by petitioner, whether the Government must show probable cause for its examination of the records.[4] On that issue we sustain the judgment of the Court of Appeals for the reasons given in *United States* v. *Powell,* decided today, *ante,* p. 48.

*Affirmed.*

MR. JUSTICE STEWART and MR. JUSTICE GOLDERG concur in the result, because they believe that through the

---

[3] See *id.,* at p. 52.

[4] The propriety of the court's interpretation of the necessity letter requirement of § 7605 (b) is, therefore, not before us. See *Trailmobile Co.* v. *Whirls,* 331 U. S. 40, 48.

testimony of Internal Revenue Agent Whelan a sufficient showing was made that the Government was not proceeding capriciously in this case.

MR. JUSTICE DOUGLAS dissents for the reasons given in his separate opinion in *United States* v. *Powell, ante,* p. 59.