James E. SIMMONS, Revenue Agent, Internal Revenue Service, Petitioner-Appellee,

v.

Russell M. TOLLEY, Respondent-Appellant.

No. 14636.

United States Court of Appeals Seventh Circuit.

Jan. 7, 1965.

John H. O'Hara, O'Hara, Krise & Holland, Indianapolis, Ind., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Tax Div., Burton Berkley, Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., Richard P. Stein, U. S. Atty., James R. Thornton, Asst. U. S. Atty., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court adjudging appellant in contempt for failure to comply with an Internal Revenue Service summons issued by respondent-appellee, requiring appellant to produce certain books and records of Russell M. Tolley and Associates, a proprietorship, for the year 1957.

■ The principal position of appellant was and is that since more than three years had elapsed since the filing of the 1957 return, no re-examination was proper without a showing of the existence of one of the exceptions to the normal statutes of limitation.

This case was argued before us on October 27, 1964. We withheld decision herein pending decisions in two cases before the United States Supreme Court. These were United States v. Powell et al., 85 S.Ct. 248, and Ryan v. United States, 85 S.Ct. 232. The Supreme Court handed down decisions in these two cases on November 23, 1964.

The Supreme Court held that the government need make no showing of probable cause to suspect fraud, unless the taxpayer raises a substantial question that a jurisdictional enforcement of the administrative summons would be an abusive use of the court's process, predicated on more than the fact of re-examination and the running of the statute of limitations on ordinary tax liability.

The Supreme Court specifically held:
" * * * [T]he Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired."

■ The other point relied on by appellant is that a re-examination of the books and records of a taxpayer prior to the issuance of a reopening letter is illegal and bars further assessment. Reliance is had on our decision in Reineman et al. v. United States of America, 7 Cir., 301 F.2d 267.

We think Reineman is readily distinguishable from the case at bar. There, the Service never notified the taxpayer that it was reopening 1954. In the case at bar, the Service notified taxpayer of the reopening of 1957 as soon as it was determined that a re-investigation would be necessary.

Upon the authorities of Petitioners v. Powell et al., and Ryan v. United States et al., supra, the judgment of the District Court is

Affirmed.