**H. Mitchell DUNN, Jr., Appellant,**

**v.**

**A. C. ROSS, District Director of Internal Revenue, Appellee.**

**No. 22499.**

United States Court of Appeals
Fifth Circuit.

Feb. 4, 1966.

H. Mitchell Dunn, Jr., Connerat, Dunn, Hunter, Houlihan & Maclean, Savannah, Ga., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Donald H. Fraser, U. S. Atty., Savannah, Ga., John B. Jones, Jr., Act. Asst. Atty. Gen., Joseph M. Howard, John M. Brant, Attys., Dept. of Justice, Washington, D. C., Richard C. Chadwick, Asst. U. S. Atty., of counsel for appellee.

Before BROWN and COLEMAN, Circuit Judges, and GARZA, District Judge.

GARZA, District Judge:

On May 25, 1964, Appellant Attorney was served with an administrative summons by the Internal Revenue Service, pursuant to 26 U.S.C. § 7602 (Internal Revenue Code of 1954, § 7602),[1] requiring Appellant to produce the tax returns and supporting records for the years 1935 through 1955 of his clients, the taxpayers, Dorothy R. and Robert C. Roebling. The summons informed Appellant that the information was needed "in order to

---

1. § 7602. Examination of books and witnesses

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

properly verify the returns for the years 1961, 1962 and 1963."

Appellant appeared as required, but refused to produce any of the returns or records on the sole ground that the 3-year statute of limitations (26 U.S.C. § 6501), barring assessment in the absence of fraud for the earlier years in question, also prohibits the examination of returns and records of those years where no allegation of a suspicion of fraud was made.

The District Director filed a verified petition in the court below, requesting an order enforcing the summons, and stating:

"That in determining the deductibility of large annual farm losses such as those claimed by Robert C. and Dorothy R. Roebling on their income tax returns for the taxable years 1961, 1962 and 1963, it is essential to examine the financial history of prior years' farm operations, including records of earnings and profits, in that the Courts have held that the financial history of prior years' farm operations constitute a most significant criteria in determining whether farm losses are incurred in the operation of a trade or business and are consequently deductible, and that the records here sought to be produced contain a complete financial history of Robert C. and Dorothy R. Roebling's farm operations since its inception and thus are relevant, pertinent and essential to the determination of the tax liabilities of Robert C. and Dorothy R. Roebling for the taxable years 1961, 1962 and 1963."

The petition contains no allegation of fraud or suspicion of fraud.

The District Court granted the motion to dismiss on November 17, 1964, but after considering a motion for rehearing filed by the District Director, vacated his order and judgment and ordered Appellant to produce the requested documents, citing as authority therefor United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and Ryan v. United States, 379 U.S. 61, 85 S.Ct. 232, 13 L.Ed.2d 122 (1964). The Court further granted a stay of the order pending appeal.

Appellant appeals from this ruling and relies here on the same contention urged below, that the Director has no right to subpoena records for time-barred years where there is no question of fraud involved, even though the investigation relates to assessment for current taxable years which are not time-barred. Appellant contends that the examination sought here is presumptively unnecessary because assessment is barred for the years in question and thus the examination is prohibited by the restrictions of 26 U.S.C. § 7605(b).[2]

We hold that a summons under Section 7602 may require the production of records for time-barred years, which are relevant or material to the purposes stated in the statute where the subject of the inquiry involves tax liability for open years, whether fraud is suspected or not.

Most of the cases cited by the parties involve fraud situations, and *Powell* and *Ryan* held that the Government was not required to show probable cause to suspect fraud when seeking enforcement of a summons to compel production of records relating to barred years. Our case of Falsone v. United States, 205 F.2d 734 (5 Cir., 1953), cert. den. 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375, involved the appealability of an enforcement order, the applicability of the attorney-client privilege to the books and papers of a taxpayer in the hands of his attorney, and

2. § 7605(b). Restrictions on examination of taxpayer.—

No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

the necessity for the investigation where the statute of limitations had run on some of the years for which returns were sought. Noting the broad power granted by the predecessor to Section 7602, Internal Revenue Code of 1939, § 3614, the Court stated through Judge Rives that to determine tax liability under the net worth-expenditures method, the Commissioner had to establish a sound starting point which might well involve reconstruction of the taxpayer's financial history in prior years. Appellant contends that fraud was necessarily a factor in *Falsone*.

The Second Circuit dealt with this question in a case which apparently had nothing to do with fraud. Citing *Falsone* as the authority in this Circuit, the Court in Norda Essential Oil & Chemical Co. v. United States, 230 F.2d 764 (2 Cir., 1956), cert. den. 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484, held that even though the tax liability for barred years had been fully examined and settled, the investigation into tax liability for an open year which required examination of books and records of the earlier years amply justified their production. "Each taxable year is a unit which must be separately examined and determined; * * *." 230 F.2d, at p. 765.

In United States v. Donnelley, 241 F.Supp. 200, D.Nev.1965, where the Internal Revenue agents were investigating taxpayer's income tax liability for the years 1953 through 1962 for the purpose of ascertaining the correctness of the returns, the Court made the conclusion at p. 203 that "The objection that a three-year statute of limitation may have run is untenable. See Foster v. United States, 2 Cir., 265 F.2d 183, at 187." In *Foster* an affidavit alleging reasonable grounds to suspect fraud was deemed not essential to the disposition of the appeal. 265 F.2d at 186, Footnote 1. There does not appear to have been any allegation of fraud or suspicion of fraud in *Donnelley*, but the intricate financial transactions involved there could not be understood without enforcing the administrative summons.

In this case, the Government alleged in its verified petition that for a determination of the deductibility of large annual farm losses claimed by the taxpayers on their returns for 1961, 1962 and 1963, it is essential to examine the financial history of prior years' farm operations, which is significant on the question of whether such losses were incurred in the operation of a trade or business, rather than the indulgence of a hobby. Of course, the deductions under scrutiny were taken in years still open, and the returns and records for the years 1935 through 1955 might well reveal the financial history of this farm since its inception.

During argument this Court expressed some reservation about the relevance of returns and records dating back thirty years and spanning a period of twenty years. However, Appellant Dunn expressly disclaimed any contention that the records sought are not relevant to the lawful investigation of the Service, and the point was not raised in the court below.

Our decision, therefore, should not be construed as a blanket endorsement of summonses under 7602 requiring the production of a vast amount of books and papers, many of which might be totally irrelevant and the production of which would cause great hardship to the persons at whom such summonses are directed. The District Court has broad discretion in the protection of the taxpayer and of third parties against oppressive procedures by working out appropriate limitations on which records are subject to investigation and the best location for such inspection for all concerned. In re Magnus, Mabee & Reynard, Inc., 311 F.2d 12 (2 Cir. 1962), cert. den. 373 U.S. 902, 83 S.Ct. 1289, 10 L.Ed.2d 198. "A reading of the opinion in United States v. Powell, supra, leaves no doubt that the thrust thereof is to insure that a taxpayer obtain an adversary-type hearing in the district court prior to his being forced to comply with an administrative summons which he challenges in good

faith." McGarry's, Inc. v. Rose, 344 F.2d 416, at 418, 1 Cir. 1965.

 Since the allegations of relevance stand unchallenged in this case, the 3-year statute of limitations has no application to a summons requiring the production of records relative to open years. The examination cannot be said to be "unnecessary", the order of the District Court enforcing the summons was correct, and the judgment is affirmed.