UNITED STATES of America and Harold F. McGuire, Special Agent, Internal Revenue Service

v.

William A. GIORDANO, as president of Banana Distributing Company of St. Louis, Incorporated.

No. 69 C 20(1).

United States District Court
E. D. Missouri, E. D.

June 20, 1969.

Daniel Bartlett, Jr., U. S. Atty., Daniel R. O'Neill, Asst. U. S. Atty., St. Louis, Mo., James H. Jeffries, III, Tax Division, U. S. Dept. of Justice, Washington, D. C., for plaintiffs.

Irl B. Baris, Newmark & Baris, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, Chief Judge.

This is an action by the United States and its agent, to obtain judicial enforcement of a summons of the Internal Revenue Service. Jurisdiction is based upon the express provisions of 26 U.S. C.A. §§ 7604(a) and 7402(b).

The petitioner McGuire is a special agent of the Intelligence Division of the Internal Revenue Service and is at present conducting an investigation, together with Revenue Agent J. B. Marchbein, of the federal income tax liability of the Banana Distributing Company of

St. Louis, Inc. This investigation was begun in relation to the tax years 1964 and 1965 and was later expanded to include 1966. On January 8, 1968, agent Marchbein was given access to a portion of the taxpayer's corporate books at the office of its accountant for a period of time somewhat less than eight hours in duration. The books he was shown were incomplete and all of the necessary records were not present. He was requested to furnish a list of all the records he needed to complete the examination and he did so. However, at this point voluntary cooperation was withdrawn by the taxpayer. Then on May 20, 1968, McGuire, as an authorized delegate of the Commissioner of the Internal Revenue Service, issued a summons to the defendant Giordano in his capacity as the president of the taxpayer, requiring him to appear before the Agent with the necessary corporate records and further to give testimony relative to them. The defendant appeared with his attorney, but refused and failed to produce the books and records and failed and refused to testify. This action followed.

The framework in which the court must act on the request to enforce the summons is set forth in United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L. Ed.2d 112:

" * * * the Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations of ordinary tax liability has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed * * *."

The United States, by its testimony at the hearing held on this matter, complied with this directive. The agents testified that they were conducting a joint income tax investigation of the taxpayer for the years in question. They stated that the books and records requested were necessary to this examination for the purpose of determining the correct tax liability of the corporation. They further testified that they were not in possession of the information sought and the evidence revealed that they had complied with the Code requirements for the summons.

■ While many of the statements of the agents on the stand were conclusions, the defendant did not object, nor did he seek further explanation. In the opinion of the court, the government made a prima facie case for enforcement of the summons. At this point the burden then shifted to the defendant under the rules announced in *Powell,* supra.

"It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused. * * * The burden of showing an abuse of the court's process is on the taxpayer, and it is not met by a mere showing, * * * that the statute of limitations nor ordinary deficiencies has run or that the records in question have already been once examined."

In this instance, the defendant totally failed to meet the burden so imposed upon him. However, the defendant raises, directly, and supports by inference certain points which merit further consideration.

The defendant's first argument is based upon the provisions of 26 U.S.C.A. § 7605(b), which reads:

"(b) *Restriction on Examination of Taxpayer*—No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise; or unless the Secretary or his delegate notifies the taxpayer in writing that an additional inspection is necessary."

■■ The defendant did not receive a notice that an additional examination was necessary and claims that the exam-

ination of January 8th was one examination and that therefore such a notice was required. If true, then under the rule of *Powell,* the government would not have made its case. However, it is obvious that such a cursory examination of less than all of the necessary records does not constitute the type of inspection or examination contemplated by the above-quoted section. All of the books of account were not present, and those which were present were often incomplete. Further, it defies common sense to think that an income tax audit of a corporation could be conducted in that period of time. See, e.g., National Plate & Window Glass Co., Inc. v. United States, 2 Cir., 254 F.2d 92. The government urges that the process was a continuing examination which was not completed and that, therefore, one examination was still in progress. Many cases support this proposition, which in the court's opinion is equally applicable here. Common sense dictates that an examination may be extended over a period of time, and indeed in this instance notice of termination of an investigation, as specified in 26 CFR 601.105 was never given. See, Application of Magnus, 2 Cir., 299 F.2d 335, aff'd, D.C., 196 F.Supp. 127, cert. denied 370 U.S. 918, 82 S.Ct. 1556, 8 L.Ed.2d 499; United States v. Crespo, D.C., 281 F.Supp. 928; United States v. Powell, supra.

Under the circumstances here existing this first defense is without merit.

 Second, defendant urges that the summons was issued for a criminal investigatory purpose and was not therefore issued for a legitimate purpose. He urges a failure of proof as to legitimacy. The court rejects this contention. As noted, both agents testified that the joint investigation was for the purpose of determining the correct income tax liability of the corporation for the years in question. This is a proper purpose under Section 7602. Both agents denied that any criminal prosecutions were under investigation or were otherwise contemplated. While the very presence of a special agent indicates at least a suspi-

cion on the part of the government, that suspicion and the possibility of criminal prosecution cannot invalidate the summons. A joint investigation is within the purview of Section 7602. See, e.g., McGarry v. Riley, 1 Cir., 363 F.2d 421; Wild v. United States, 9 Cir., 362 F.2d 206; Sanford v. United States, 5 Cir., 358 F.2d 685; United States v. Foster, 4 Cir., 309 F.2d 8; United States v. Crespo, supra.

In connection with this defense it should be noted that in paragraph 16 of his answer the defendant urged that "the books, records and papers required to be produced will be used for an improper purpose and to harass customers of the corporation and to interfere with the business relationship between the corporation and its customers." The defendant conceded that its proof did not support that allegation.

 Next, the defendant urges that the enforcement of the summons would constitute an unreasonable search and seizure in violation of the Fourth Amendment. It is clear that a summons by the Internal Revenue Service may in fact be repugnant to the Fourth Amendment. Where the terms of the summons were too broad, sweeping or indefinite, and where no basis for the probable existence of the records was found, summons have been stricken. See, Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652, and other similar cases. However, absent such a showing, the summons per se does not and indeed cannot violate the Fourth Amendment. Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614.

 A reading of the summons in issue reveals that it is indeed broad and complete. But the mere fact that it requests extensive records and documents does not render it overbroad. In the opinion of the court there has been a failure to show that the summons falls within any of the categories which would make it offensive to the Fourth Amendment. The records are described with clarity and the testimony given at

the hearing was that they were necessary and therefore both relevant and material. Defendant finds fault with the manner of the agents at the hearing. However, their mannerisms do not support his ultimate contention.

■ At this point the defendant also urges that the testimony demonstrates that the government is attempting to punish the defendant for the assertion of his constitutional rights. This contention is based upon certain testimony in which Agent McGuire indicated that it was the government's policy to request every document it has reason to believe exists when required to proceed by summons and enforcement. He urges that under Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562, and Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574, and Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, such a policy constitutes an impermissible penalty for the assertion of one's rights. This argument while appealing *in vacuum*, must fail when placed in context. First, the government is asking for documents, etc., to which under the provisions of the Code it is entitled, and the mere fact that it does not always seek all of those documents cannot prevent if from doing so when it desires. Second, the due process clause of the Fifth Amendment may not cover selective enforcement by the federal government. However, if it does, such enforcement in these circumstances cannot be said to be invidious and therefore violative of due process. Third, logic dictates that when cooperation is forthcoming, the service can anticipate that documents which may become necessary as its examination proceeds will be furnished. However, without such cooperation, to request less than all by summons might well require the use of additional summons and additional enforcement procedures, all of which are obviously time-consuming and expensive. Thus, common sense would require that all anticipated necessary documents and records be sought. This point by the defendant is without merit under the circumstances here presented.

■ The defendant has also urged a violation of the Fifth Amendment privilege against self-incrimination as a defense. Rather than belabor this point, it is sufficient to say that the point is well covered by United States v. Crespo, supra, 281 F.Supp., at page 937 (par. 10). Mancusi v. DeForte, 392 U.S. 364, 88 S. Ct. 2120, 20 L.Ed.2d 1154, neither compels nor supports a contrary result.

■ The only other urged defense is that the statute of limitations has run on two of the three years under investigation, at least insofar as ordinary deficiencies are concerned. In the court's opinion, United States v. Powell, supra, covers this point. See also, United States v. Ryan, 6 Cir., 320 F.2d 500, aff'd 379 U.S. 61, 85 S.Ct. 232, 13 L.Ed. 2d 122. That fact does not show an abuse of process as to warrant non-enforcement. The statute (7602) does not make reference to a limitations situation, and under its provisions the government is entitled to seek a determination of correct liability.

■ The government is entitled to inspection to determine the existence or non-existence of any deficiency or fault which would allow tolling of or substitution for the normal three-year collection limitation.

It will, therefore, be ordered and adjudged that the defendant be required to comply in all respects with the summons of the Internal Revenue Service as issued by Agent McGuire on May 20, 1968.

The court adopts this memorandum opinion as its findings of fact and conclusions of law. The clerk will prepare and enter the proper order enforcing the summons requested by the United States.