**UNITED STATES of America,
Appellee,**

**v.**

**Albert SHLOM, Appellant.**

**No. 324, Docket 33691.**

United States Court of Appeals
Second Circuit.

Argued Nov. 21, 1969.

Decided Dec. 19, 1969.

Irwin Klein, New York, N. Y. (Albert Shlom and Robert Littman, New York, N. Y., on the brief), for appellant.

Richard M. Hall, New York, N. Y., Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, New York, N. Y., Alan B. Morrison, Asst. U. S. Atty., on the brief), for appellee.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and BRYAN, District Judge.*

FREDERICK van PELT BRYAN, District Judge:

Albert Shlom appeals from two orders of the United States District Court for the Southern District of New York (Cannella, D. J.) compelling him to produce a record of Columbus Hardware, Inc. in response to an Internal Revenue summons issued pursuant to Section 7602 of the Internal Revenue Code of 1954, 26 U.S.C. § 7602.[1] We affirm the orders appealed from.

Appellant, an attorney, represented Columbus Hardware, Inc. and Albert Danowitz, its sole stockholder and principal officer, who were the subject of an income tax investigation by the Internal Revenue Service for the years 1964, 1965 and 1966. In connection with this investigation, appellant was served with an Internal Revenue Service summons directing the production of 14 specified books, records and papers of Columbus Hardware in appellant's possession. Appellant produced all of the material demanded except Item 12 described in the summons as "a bound day book (cash book) wherein the daily totals of the cash register tapes were entered." Upon his refusal to produce Item 12, the Government brought this enforcement proceeding pursuant to 26 U.S.C. §§

---

* Sitting by designation.

1. The first of the orders appealed from directed compliance with the summons.

The second, made after reargument, adhered to the original decision.

7402(b) and 7604(a) to compel its production.[2]

In the District Court it was contended that (1) the disputed item was not subject to production as a corporate record of Columbus Hardware because it belonged to and was a personal record of Danowitz and (2) it was not relevant or material to the pending tax inquiry. A hearing was held at which Danowitz was a principal witness. The following facts were developed:

Columbus Hardware is a New York corporation which sold hardware at retail at a store at 892 Ninth Avenue in Manhattan. Danowitz was the sole stockholder, the treasurer and the only active officer of the corporation. He managed and operated the business on behalf of the corporation.

Disputed Item 12 was a book containing entries of the cash and over-the-counter sales of Columbus Hardware made to local and so-called transitory customers. The entries, made by Danowitz on a daily basis, concerned only corporate transactions and business. They were made during the period covered by the pending tax inquiry.

Columbus Hardware had formerly been located on the site of the New York Coliseum and had been forced to move when that building was constructed. Danowitz testified that the disputed book was kept to aid in determining whether Columbus Hardware should remain at its new location or should move elsewhere. The only business done at the Ninth Avenue location was the corporate retail hardware business of Columbus Hardware.

On these facts, the District Court found that the disputed item (1) was a corporate record of Columbus Hardware and (2) was relevant and material to the pending tax inquiry. Appellant urges that the District Court erred in making both findings. There is no merit to either of these contentions. It certainly cannot be said that either of the findings below is clearly erroneous, Fed.R. Civ.P. 52(a). On the contrary, it is difficult to see how the District Court could have found otherwise on the record before it.

The disputed item was a daily record of a portion of the corporate receipts, kept contemporaneously by the treasurer and manager of the corporation. Even if the record was kept for the purpose of aiding in a decision as to whether to relocate the corporate business, this was entirely a corporate decision. There is no suggestion that Danowitz had any thought of deciding whether he should set up a personal retail hardware business at a new location. There was ample basis for finding that Item 12 was a corporate record and not the personal record of Danowitz.

The test as to whether a record sought to be produced is relevant or material to a tax inquiry within the meaning of Section 7602(2) is "whether the inspection sought 'might have thrown light upon' the correctness of the taxpayer's returns." Foster v. United States, 265 F.2d 183, 186–187 (2d Cir.), cert. denied, 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959). See also Application of Magnus, 299 F.2d 335 (2d Cir.), cert. denied, 370 U.S. 918, 82 S.Ct. 1556, 8 L.Ed.2d 499 (1962). This partial record of corporate receipts certainly comes within that test, even if it was not used in the preparation of the corporate tax returns as appellant stresses.

The other points raised by the appellant do not require extended discussion.

Danowitz, as the sole stockholder and treasurer of the corporation, and the only officer active in its affairs, did not, as the appellant claims, have the right to assert his personal privilege against self-incrimination to bar the production of corporate records. There is no merit to appellant's "alter ego"

2. Though both Columbus Hardware and Danowitz intervened below, neither are parties to this appeal. However, the arguments of the appellant here are presented on their behalf.

theory. United States v. White, 322 U. S. 694, 699, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944). See Hair Industry, Ltd. v. United States, 340 F.2d 510 (2d Cir.), cert. denied, 381 U.S. 950, 85 S.Ct. 1804, 14 L.Ed.2d 724 (1965).

 The summons issued here was valid. It was reasonable in scope and issued for a purpose proper under Section 7602, 26 U.S.C. § 7602. Item 12 was relevant and material to the tax inquiry. The summons did not constitute an unlawful search and seizure in violation of the Fourth Amendment. A showing of probable cause is not required for the issuance of such a summons. See Foster v. United States, 265 F.2d 183, 186 (2d Cir.), cert. denied, 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959). See also Ryan v. United States, 379 U.S. 61, 85 S.Ct. 232, 13' L.Ed.2d 122 (1964); United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1945).

The claimed failure of the Revenue Agents to issue *Miranda* warnings to Danowitz when they interviewed him and learned about the existence of the disputed corporate record was not established at the hearing in the District Court, although the appellant had full opportunity to do so. But even if no such warnings were given to Danowitz at that point, they were not required.

██ No criminal charges had been made against Danowitz. At that point in time there was only the "possibility of criminal proceedings." Obviously, Danowitz was never in custody or under any restraint. The fact that one of the interviewing agents was a Special Agent who was primarily concerned with criminal investigations does not alter this conclusion. See United States v. White, 417 F.2d 89 (2d Cir. October 10, 1969) and cases cited at 91–92. See also Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968).

██ Finally, the claim that Section 7602, 26 U.S.C. § 7602, and related sections are unconstitutional because of the failure of the statute to require probable cause before a summons issues, is contrary to the decided cases and patently without merit. See United States v. Powell, *supra*; Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); United States v. Morton Salt, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1949); Oklahoma Press Pub. Co. v. Walling, *supra*.

The other claims raised by the appellant do not merit comment.