**UNITED STATES of America, Petitioner,**

v.

**Harland W. FRENCH, Respondent.**

**No. 76–16M.**

United States District Court, N. D. Iowa, W. D.

Aug. 8, 1977.

Kieth Van Doren, U. S. Atty., Sioux City, Iowa, for the United States.

Harland W. French, pro se.

## ORDER

McMANUS, Chief Judge.

This matter comes before the court on respondent's resisted motion, filed January 3, 1977, to dismiss an Internal Revenue Service petition to enforce a summons for production of documents.

Respondent French claims that the fourth and fifth amendment guarantees of privacy and freedom from unreasonable search and seizure and self incrimination entitle him to refuse to turn over the requested documents. The government moves for production under 26 U.S.C. §§ 7402(b) and 7604(a).

A hearing on the motion was held February 1, 1977 before the United States Magis-trate. Respondent filed a brief in support of his fourth and fifth amendment rights on February 7. On February 17 the magis-trate issued a statement of findings of fact, conclusions of law and recommendations. He concluded that the investigation had a legitimate purpose—to determine the correctness of the respondent's 1974 tax return, and that respondent had failed to demonstrate that production of the requested records will incriminate him. Respondent appeals from these findings.

The IRS Code, 26 U.S.C. § 7602 (1954) authorizes the Secretary or his delegate, for the purpose of ascertaining the correctness of any return, determining the liability of any person for any internal revenue tax, or collecting any such liability:

(1) To examine any books, papers, records, or other date which may be relevant or material to such inquiry;

(2) To summon the person liable for tax . . . to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602.

This section has been held constitutional. *See Hinchcliff v. Clarke,* 371 F.2d 697 (6th Cir. 1967), *cert. denied* 387 U.S. 941, 87 S.Ct. 2073, 18 L.Ed.2d 1327 in which the circuit court held that the fourth and fifth amendments do not bar summonses for financial records relevant to a civil proceeding for collection of income taxes. The Eighth Circuit Court of Appeals as recently as 1975 confirmed that view. *Russell v. United States,* 524 F.2d 1152, 1153 (8th Cir. 1975).

After a review of the cases and record before the court, which includes the transcript of the February 1 hearing, the briefs, and taxpayer's sealed records, this court sustains the magistrate's findings and recommendations. There is no showing of potential incrimination on the record or impropriety of the routine IRS audit. A § 7602 summons is a necessary tool of the IRS in checking returns. If taxpayers

could merely claim potential incrimination to avoid routine audits, enforcement of tax laws would be impossible.

Here there is no showing that the government is preparing a criminal case against the respondent. The "IRS ha[s] the statutory right, in fact the duty, to make such [civil] investigation, using its summons power, as was necessary to develop the facts in regard to . . . civil tax liability. [citations omitted]." *United States v. Fruchtman*, 421 F.2d 1019, 1022 (6th Cir. 1970).

■ The Fifth Amendment claim cannot be based on speculation or the general proposition that the procedure is unconstitutional. *See Daly v. United States*, 393 F.2d 873 (8th Cir. 1965). Even if the records could later be used for criminal prosecution, where the initial investigation is civil in nature and no criminal investigation has been initiated, the fifth amendment will not bar production. *See Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). Only where the sole purpose of the investigation is criminal may production be successfully challenged. "Any other holding, of course, would thwart and defeat the appropriate investigatory powers that the Congress has placed in 'the Secretary or his delegate.'" *Id.* at 533, 91 S.Ct. at 544.

■ As for the fourth amendment claim, the information sought is relevant to the routine audit and the request is reasonable for the investigative purpose. This is not a fishing expedition. The judicial procedure established by Congress insures reasonableness. The fourth amendment does not immunize respondent from judicial and congressional power to mandate production of documents. In the analogous context of the Fair Labor Standard Act the Supreme Court has stated:

> "For to deny the validity of the orders would be in effect to deny not only Congress' power to enact provisions sustaining them, but also its authority to delegate effective power to investigate violations of its own laws, if not perhaps also its own power to make such investigations."

*Okla. Press Pub. Co. v. Walling*, 327 U.S. 186, 201, 66 S.Ct. 494, 502, 90 L.Ed. 614 (1945).

The government has borne the burden of showing the investigation was for a legitimate purpose; the documents are relevant to that purpose; the information sought is not in the possession of the government and the procedures required by the Code have been followed. *See Ryan v. United States*, 379 U.S. 61, 85 S.Ct. 232, 13 L.Ed.2d 122 (1964). Respondent French has not established any valid defense to the summons or shown that its enforcement would constitute an abuse of the court's process. *United States v. National State Bank of New Jersey*, 540 F.2d 619 (3rd Cir. 1976). His protestations about refusing to submit to the jurisdiction of the United States Government or to be governed by its laws cannot be taken seriously.

It is therefore

ORDERED

Respondent Harland W. French must comply with the IRS Summons and deliver requested documents to the IRS Office, Room 211, Federal Courthouse, Sioux City, Iowa, not later than 5:00 p. m., Tuesday, August 16, 1977.