UNITED STATES and Joseph A.
DeLeon, Petitioners,

v.

DEVON BANK, et al., Respondents.

Civ. A. Nos. 80 C 5711—80 C 5722.

United States District Court,
N. D. Illinois, E. D.

May 12, 1981.
On Motion to Modify Sept. 15, 1981.

Thomas Walsh, Asst. U. S. Atty., Chicago, Ill., for petitioners.

Kenneth Ditkowsky, Ditkowsky & Contorer, Chicago, Ill., for intervenors.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the objections of intervening taxpayers, Curtis and Willia Betts, to the enforcement of twelve (12) Internal Revenue Service summons directed to various banks, and companies. Intervenors further request additional discovery regarding such objections. For the reasons hereinafter stated, the objections to enforcement shall be overruled except as to the question of the enforceability of summonses concerning Willia Betts and the summons directed to Caplan, Schwartz, Taub & Levin, 80 C 5722. Intervenors' requests for discovery shall be quashed. Enforcement of the remaining summonses shall be ordered as directed below.

### Background

The summonses at issue in this cause were issued to banks and other companies pursuant to an investigation of potential civil and criminal tax liabilities of Curtis Betts for the years 1974, 1975, 1976, and 1977. The summonses were first issued during July and August 1979. One, directed to Caplan, Schwartz, Taub & Levin, an accounting firm, was issued in October, 1979. The present enforcement actions were filed October, 1980. On November 13, 1980, on the government's motion, these actions were consolidated. The court entered a rule to show cause why the summonses should not be enforced returnable December 4, 1980. On December 4, 1980, Curtis and Willia Betts filed their appearance and request for leave to intervene. On that same date, the Betts filed a petition to quash the order to show cause. They contend that the enforcement of the summonses would be improper for several reasons. Intervenors also filed discovery requests seeking information regarding the basis and background of the IRS investigation. On January 13, 1981, the IRS filed a

hearing brief, and memoranda in support of a motion for a protective order regarding such discovery. On January 16, 1981, intervenors replied to such briefs. On January 29, 1981, the court held a limited hearing for the purpose of determining whether additional discovery should be permitted. Subsequently, both IRS and Betts filed additional briefs and memoranda. These papers, and the arguments presented in court having been considered, the matter is ready for determination.

### Objections to Enforcement

Betts contends the summonses should not be enforced, or, alternatively, additional discovery should be permitted, on several grounds. First, he contends enforcement of the summonses would violate his Fourth, Fifth, Sixth, Eighth, and Fourteenth amendment rights. Second, he claims enforcement is improper because the material sought relates to tax years for which the statute of limitations has run, the IRS is guilty of laches, the IRS has not made a sufficient showing of necessity for enforcement, and the summonses are part of a continuing conspiracy of harassment in violation of Curtis Betts' civil rights by federal, state and local officials. Willia Betts claims that enforcement of the summonses as to her papers are improper. Intervenors also claim enforcement of the summonses directed to the accounting firm violates the accountant-client privilege under Illinois law.

### Constitutional Claims

The constitutional objections to enforcement are invalid on their face. It is well-settled that an IRS summons directed to a third party does not violate the intervenor's right to privacy under the Fourth and Fourteenth amendments. *Donaldson v. United States*, 400 U.S. 517, 522, 91 S.Ct. 534, 538, 27 L.Ed.2d 580 (1970). Nor does the Fifth Amendment privilege against self-incrimination bar compelled production of records in the hands of third persons. *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Betts claims that enforcement of the summons

directed to his accountant violates the Sixth amendment. He claims that compelling production from his accountant precludes his accountant and attorney from free communication necessary for legal advice. This contention is patently incorrect. There is no accountant-client privilege under Federal law. *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). Further, the Sixth amendment right to representation by counsel is only applicable to criminal or quasi-criminal proceedings where there is a threat of imprisonment. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The constitutional right to counsel is not the equivalent of the attorney-client privilege.

■ As for the contention that enforcement would be "cruel and unusual punishment" in violation of the Eighth Amendment, however unpleasant IRS investigations may be, they are not punishments for violations of the criminal law.

*Collateral Estoppel*

The IRS contends that the Betts are barred from raising certain defenses because these defenses were already litigated and determined in favor of the government in *United States v. Bank of Three Oaks, et al.*, Civil Action No. K80–66, Misc. 8, in the United States District Court for the Western District of Michigan, Southern Division. The Betts do not dispute that many of the same issues, for example, statute of limitations, laches, delay in enforcement, were raised and decided in that proceeding. They contend, however, that application of collateral estoppel in these circumstances is inappropriate because they lacked a full and fair opportunity to be heard in Michigan.

■ The doctrine of collateral estoppel is applicable when the party against whom it is invoked had a full and fair opportunity to litigate the issues in a prior proceeding. *Parklane Hosiery Company v. Shore*, 439 U.S. 332, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Speaker Sortation Systems v. U.S. Postal Service*, 568 F.2d 46, 48 (7th Cir. 1978).

■ According to the document attached to the government's memoranda in this action, Betts did appear in the Michigan action, was represented by counsel, and availed themselves of the opportunity to challenge the summonses at issue there. However, application of collateral estoppel is unnecessary in this cause. Upon independent assessment, the court agrees with the legal conclusions of the Michigan Court regarding several of these same issues. It is clear that the Michigan court determined that the IRS summons might be enforced even where the tax years in question might be covered by the three-year statute of limitations for recovery of taxes. This court agrees. The IRS may investigate through the summons procedure to determine whether any exceptions to the three-year statute of limitations, i.e., fraud, are applicable, 26 U.S.C. § 6501(a)(c) (1976); *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Ryan v. United States*, 379 U.S. 61, 85 S.Ct. 232, 13 L.Ed.2d 122 (1964). The Michigan court also determined that delay in initiation of the enforcement action does not preclude enforcement of the summons where neither the intervening taxpayer nor the third-party recordholder has shown any prejudice resulting from the delay. Again, the court agrees with this finding. Intervenors have cited no requirement in the IRS Code or regulations, or judicial authority interpreting such regulations, which would support a different result. It is therefore clear that these defenses are, as the Michigan court found, insufficient as a matter of law.

*Harassment*

■ The Michigan court also considered intervenor's argument, also presented here, that the summonses in question are part of a continuing scheme of harassment by state and local officials. Betts contends that the IRS is being used as a tool of continuing harassment by local officials. He relies primarily upon the fact that the Special Agent, DeLeon, testified in this court that prior to initiation of his investigation, he spoke to state revenue agents. These

agents gave him information, including some tax returns, which they had gathered regarding potential state tax liability of Curtis Betts. Betts contends that these state officers are harassing him by referral of material to the IRS. He does not contend that the IRS itself is intentionally engaging in frivolous investigations for the purpose of harassment. The harassment allegations miss the mark. If, as Betts apparently concedes, the investigation by the IRS is proper, the motives of state agents in giving information to the individual federal agent are irrelevant. *United States v. Nelsen Steel & Wire Co., Inc.,* 485 F.Supp. 949 (N.D.Ill.1980). Speculations as to the alleged motivations of state officials or speculations as to the role such information had in the decision to bring the IRS investigation and resulting summonses are likewise irrelevant.

*Prima Facie Case—Burden of Proof*

Intervenors also contend that the IRS has not met their burden of proof regarding enforcement of the summonses in question. In order to establish a right to summons enforcement, the Service must establish 1) that the summons was issued prior to a formal commitment to criminal prosecution of the taxpayer; 2) that the investigation in question and the summons were issued in good faith. *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). In order to establish the good faith requirement, the Service must show 1) the investigation is undertaken for a legitimate purpose; 2) the information sought is relevant to the purpose; 3) the information is not already in the hands of the Service; 4) the statutorily required administrative steps have been taken. *United States v. Powell,* 379 U.S. at 57–8, 85 S.Ct. at 254–55,

*United States v. LaSalle National Bank,* 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221.

Once this showing has been made, the burden shifts to the taxpayer to prove lack of good faith, that is, that the government has abandoned "in an institutional sense its pursuit of possible civil penalties." *United States v. Moll,* 602 F.2d 134 (7th Cir. 1979). The government may establish its prima facie case through affidavit of the agent charged with the investigation. *United States v. Garden State National Bank,* 607 F.2d 61 (3d Cir. 1979). Intervenors incorrectly argue that the Service has not shown sufficient necessity in this action. During the January 29, 1981 hearing, intervenors questioned the agent regarding the necessity for only one summons.[1] Intervenors did not ask any questions regarding the necessity for the remaining eleven summonses. This desultory questioning cannot be considered to have raised an issue where discovery would be appropriate. Intervenors have not raised sufficient question as to the necessity for enforcement.

*Accountant-Client Privilege*

The summons in 80 C 5722 is directed to Caplan, Schwartz, Taub & Levin, an accounting firm which has done some work for the Betts. Betts has expressed concern regarding enforcement of this summons. First, he states that the IRS and the Illinois revenue agents have a standing practice of sharing information received in investigations. Second, he claims that the information requested, even if not privileged under federal law, is subject to a colorable claim of privilege under state law. He expresses concern lest the IRS agents, through their information sharing, disclose this information to Illinois state agents.

1. Intervenors questioned the agent regarding the summons directed to Devon Bank, 80 C 5711. Primarily they sought to establish that if Betts had declared any property on his tax returns, the service would trace that property through public records to ascertain whether it was held in land trust with Devon Bank. As the government noted at the time, this contention assumes what the summons seeks to discover, i.e., whether *all* property interests of intervenors were properly declared. Further, Illinois land trusts are established so that beneficial ownership may be shielded from disclosure in public records. Therefore, enforcement of the summons is necessary to obtain the information being sought.

This appears to be a valid and legitimate objection. Betts might be precluded from asserting the accountant-client privilege under Illinois law if IRS agents were to "share" the privileged information with state agents. The court has been unable to locate, and the government has not supplied, any authority which would indicate that disclosure to state officials would be limited to avoid this problem. For this reason, the objection to enforcement of the summons in 80 C 5722 shall be upheld, and enforcement denied.

*Willia Betts*

The summonses in question seek information regarding the financial transactions of Curtis and Willia Betts. The government has stated that the current investigation is directed to the potential tax liability of Curtis Betts. Intervenors argue that the summonses, if enforced, should be limited to the papers regarding Curtis Betts. The court agrees. The government has not alleged or shown that Curtis and Willia Betts have filed joint returns, or otherwise indicated why Willia Betts should be investigated. Although the government's burden in summons enforcement is minimal, it is not totally non-existent.

*Discovery Requests*

■■■■ The court has examined the discovery requests filed by intervenors. Discovery may be limited in summons enforcement actions. In the present case, the discovery seeks all information regarding basis and background of the IRS investigation, as well as all information in the IRS possession which would lead them to believe the summonses are necessary. It is apparent that the discovery requests currently on file are not directed to those limited areas where challenge would be proper. Therefore, the requests for discovery will be quashed.

*Conclusion*

For the reasons stated, the objections to enforcement, except as to papers concerning Willia Betts alone and the summons directed to Caplan, Schwartz, Taub & Levin, 80 C 5722, shall be, and the same are hereby overruled, and enforcement ordered.

The petition for enforcement of the summons directed to Caplan, Schwartz, Taub & Levin, 80 C 5722, shall be and the same is hereby denied. Intervenors' motion for discovery shall be denied, and the discovery requests quashed. It is so ordered.

ON MOTION TO MODIFY

This cause is before the court on the unopposed motion of the United States to modify the May 14, 1981, order granting enforcement of IRS summons with two exceptions. For the reasons hereinafter stated, the motion will be granted, and enforcement of the remaining summons will be directed.

The May 14, 1981, order directed enforcement of eleven IRS summons. The court, however, directed that to the extent the summons sought papers relating to Willia Betts, spouse of the taxpayer under investigation, the summonses should not be enforced. The court further found the summons directed to the accountant should not be enforced on the grounds that enforcement through information-sharing between state and federal officials might indirectly infringe on the state law accountant-client privilege.

■■■■ The IRS has now provided the court with information that Curtis and Willia Betts filed joint income tax returns for the years in question. Under these circumstances, it is clear the papers relating to Willia Betts *may* be relevant to the ongoing investigation. 26 U.S.C. § 7602.

■■■■ As the IRS points out, the accountant-client privilege is not recognized as a matter of federal law, nor has a state-created privilege been recognized in federal court. *Couch v. United States*, 409 U.S. 332, 335, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973). While information-sharing between state and federal officials might later be of concern, it appears this should not preclude enforcement of the IRS summons at this time. Therefore, the determination denying enforcement to the summons directed to Caplan, Schwartz, Taub, & Levin shall be vacated, and enforcement ordered.