CHURCH OF HUMAN POTENTIAL,
INC., Petitioner,

v.

Thomas VORSKY, Agent for Commissioner of Revenue of the United
States, Respondent.

Civ. A. No. 85–3824.

United States District Court,
D. New Jersey,
Civil Division.

Feb. 24, 1986.

Ralph Fucetola III, No. Arlington, N.J., for petitioner.

Thomas J. Clark, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

## OPINION

BARRY, District Judge.

### I. *Facts*

On November 28, 1984, Ralph Fucetola, III, Esquire, represented the Church of Human Potential, Inc. ("petitioner") in a real estate transaction involving property now known as 16 Colfax Avenue, in Wayne, New Jersey. Thereafter, on July 15, 1985, Mr. Fucetola was summoned as a third party recordkeeper by the Internal Revenue Service. Mr. Fucetola was required to appear before Thomas Vorsky, an officer of the IRS and the sole respondent here, to give testimony and produce records of petitioner relating to the collection of Rev. Paul J. Oliveri's tax liability for the years 1979 and 1980. It appears that, during these years, Rev. Oliveri and petitioner enjoyed a symbiotic relationship, and Agent Vorsky contends that Rev. Oliveri made petitioner his nominee to the extent of his right, title, and interest in certain property. Consequently, a federal tax lien was filed upon petitioner's property in the amount of Rev. Oliveri's tax liability.

### II. *Motion to Dismiss Petition to Quash Collection Summons for Lack of Jurisdiction*

■ In the first count of its complaint, petitioner seeks to quash the third party summons issued to Mr. Fucetola. As with every suit brought in federal court, this court must first decide whether or not it has the subject matter jurisdiction to entertain such a proceeding. Generally, the United States District Court for the District within which the person to be summoned resides or is found shall have jurisdiction to hear and determine a petition to quash a third party summons. 26 U.S.C. § 7609(h)(1). However, Section 7609(c)(2)(B)(i) of the Internal Revenue Code provides that a summons issued in aid of collection of the tax liability of any person against whom an assessment has been made or judgment rendered shall not be subject to the general rule. Essentially, a District Court lacks jurisdiction to entertain a petition to quash a collection summons. Upon this basis, respondent moves to dismiss this count of petitioner's complaint.

It is, therefore, necessary to determine whether the third party summons issued to Mr. Fucetola falls within the scope of Section 7609(c)(2)(B)(i). This inquiry begins with the undisputed fact that the summons was issued in aid of the collection of Rev. Oliveri's tax liability. However, petitioner alleges that Rev. Oliveri's tax liability for the years 1979 and 1980 was not assessed within the three year statute of limitations period as required by Section 6501(a). This allegation is corroborated by the information contained in the Notice of Federal Tax Lien, for it clearly indicates that April 27, 1985 was the assessment date for each of the tax years in question. Thus, it would seem, at least on the face of it, that this particular collection summons fails to fully satisfy the requirements of Section 7609(c)(2)(b)(i), thereby conferring jurisdiction upon this court to entertain the petition to quash a third party summons.

■ The phrase "an assessment has been made" within the meaning of Section 7609(c)(2)(B)(i) has yet to be construed by the courts. Generally, a third party summons is akin to a grand jury subpoena seeking information concerning a taxpayer's liability. *United States v. Cortese*, 614 F.2d 914, 920 (3d Cir.1980). In addition, it has been said that the summons power should be liberally construed in light of the purposes it serves. *United States v. Euge*,

444 U.S. 707, 714–16, 100 S.Ct. 874, 879–81, 63 L.Ed.2d 141 (1980). In this regard, it is significant to note that in the case of a false or fraudulent return with the intent to evade tax, a willful attempt to evade tax, or a failure to file any return, the tax may be assessed *at any time.* 26 U.S.C. § 6501(c)(1), (2), and (3). Moreover, as one district court noted,

> ... the IRS summons might be enforced even where the tax years in question might be covered by the three year statute of limitations for recovery of taxes.... The *IRS may investigate through the summons procedure to determine whether any exceptions to the three year statute of limitations, i.e. fraud, are applicable,* 26 U.S.C. § 6501(a), (c); *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Ryan v. United States,* 379 U.S. 61, 85 S.Ct. 232, 13 L.Ed.2d 122 (1964). (emphasis supplied)

*United States v. Devon Bank,* 529 F.Supp. 40, 43 (N.D.Ill.1981). In *United States v. Powell, supra,* 379 U.S. at 56 n. 15, 85 S.Ct. at 254 n. 15, the court made the following distinction:

> The present three year limitation on assessment of *ordinary* deficiencies relieves the taxpayer of concern for further assessments of that type, but it by no means follows that it limits the right of the Government to investigate with respect to deficiencies *for which no statute of limitations is imposed.* (emphasis supplied)

Basically, then, the "burden of showing an abuse of the court's process is on the taxpayer, and is not met by a mere showing ... that the statute of limitations for ordinary deficiencies has run ..." *Id.* at 58, 85 S.Ct. at 255. Thus, even the absence of an allegation by the IRS of the taxpayer's fraud has no effect upon the validity of a third party summons relating to a tax period more than three years from the assessment date. *United States v. Lask,* 703 F.2d 293, 300 (8th Cir.1983), *cert. denied,* 464 U.S. 829, 104 S.Ct. 104, 78 L.Ed.2d 107 (1983); *See also United States v. Giorda-*

*no,* 419 F.2d 564, 568 (8th Cir.1969), *cert. denied* 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970). Based on the foregoing, the most reasonable interpretation of the phrase "an assessment has been made" within the meaning of Section 7609(c)(2)(B)(i) is one which merely requires that an assessment be made prior to the issuance of a third party summons, with reference being made to the three year statute of limitations period (due to the possibility of an "extraordinary" deficiency). Therefore, as the third party summons was issued to Mr. Fucetola after the IRS made an assessment in order to aid in collecting Rev. Oliveri's tax liability pursuant to Section 7609(c)(2)(B)(i), this court must grant respondent's motion to dismiss the petition to quash the third party summons for want of jurisdiction.

III. *Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted Under 42 U.S.C. §§ 1983, 1985(3), and 1986*

In count two of its amended complaint, petitioner alleges that it is entitled to damages against respondent under, *inter alia,* 42 U.S.C. Sections 1983, 1985(3), and 1986. Respondent now moves to dismiss these charges pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. This court is mindful that in deciding respondent's motion it must treat the factual allegations of petitioner's amended complaint as true. *Durkin v. Nat'l Bank of Olyphant,* 772 F.2d 55 (3d Cir.1985).

In the case at bar, petitioner contends that respondent conspired with the Acting Group Manager simply by virtue of the fact that both signed the third party summons issued to Mr. Fucetola. However, a Section 1985(3) conspiracy claim must be pleaded with factual specificity in order to withstand a Rule 12(b)(6) motion to dismiss. *Hauptmann v. Wilentz,* 570 F.Supp. 351, 385 (D.N.J.1983), *aff'd,* 770 F.2d 1070 (3d Cir.1985). Therefore, petitioner's conclusory allegation of a conspir-

acy between respondent and the Acting Group Manager fails to support a claim under Section 1985(3) upon which relief may be granted. Furthermore, petitioner's allegations fail to satisfy the classbased animus requirement of *Griffin v. Breckenridge,* 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971), thereby providing yet another ground for dismissing petitioner's Section 1985(3) claim.

■ Section 1986 is a companion statute to Section 1985. It sets forth a remedy for misprision of a Section 1985(3) conspiracy. Thus, petitioner's failure to state a claim under Section 1985(3) necessarily causes the Section 1986 claim to fail. *Hauptmann v. Wilentz,* 570 F.Supp. at 386–87; *Rogin v. Bensalem Township,* 616 F.2d 680, 697 (3d Cir.1980), *cert. denied,* 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981).

■ Section 1983 provides that any person who, under color of *state* law, subjects another person to a deprivation of constitutional rights shall be liable to the party injured. A person acts under color of state law when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed.2d 1368 (1941); *See also Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Accordingly, actions of federal officials taken pursuant to *federal* law cannot form the basis of a Section 1983 claim. *Broadway v. Block,* 694 F.2d 979, 981 (5th Cir.1982); *Zernial v. United States,* 714 F.2d 431, 435 (7th Cir. 1983); *Stonecipher v. Bray,* 653 F.2d 398, 403 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). Since respondent was an IRS employee acting under the color of federal law while issuing a third party summons to Fucetola and authorizing a federal tax lien upon petitioner's property, Section 1983 is inapplicable on its face.

■ Petitioner maintains, however, that Rev. Oliveri has no interest in the property upon which the federal tax was filed and that such property is owned exclusively by petitioner. Furthermore, the federal tax lien upon that property was filed in the County Clerk's Office in Passaic, New Jersey. As a result, petitioner contends that a legally significant nexus exists between this activity by the state and the actions of respondent, thereby imposing responsibility on respondent for the alleged deprivation of petitioner's property rights without due process of law. This court does not agree. Generally, conduct satisfying the state action requirement of the Fourteenth Amendment also constitutes action under color of state law within the meaning of Section 1983. *Lugar v. Edmonson Oil,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Therefore, it is necessary to determine whether the mere filing of a federal tax lien in a state office is sufficient to cast a state law shadow upon the actions of a federal official, thereby stating a cause of action under Section 1983 upon which relief may be granted.

Section 6321 of the Internal Revenue Code (26 U.S.C.) states that "if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property ... belonging to such person." Furthermore, Section 6323(f) requires that notice of the federal tax lien be filed in an office within the state where the property subject to the lien is situated. N.J.S.A. 46:16–13 recognizes the mandate of Section 6323(f), and provides that such tax liens are to be both recorded and indexed separately.

In *Rodriguez v. Escambron Development Corp.,* 740 F.2d 92, 96 (1st Cir.1984), the court expanded upon the nature of a federal tax lien:

> A federal tax lien is wholly a creature of federal law. It is one of the 'formidable arsenal of collection tools' necessary 'to ensure the prompt and certain enforcement of the tax laws in a system relying primarily on self-reporting.' *United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236

(1983). Accordingly, the *effects*, priority, *enforcement*, and *extinguishment* of a tax lien are *federal concerns*. (emphasis supplied)

Indeed, it would be unreasonable to conclude that the mere filing of a federal tax lien in a state office constitutes state action attributable to the federal official responsible for its origination. Since the federal tax lien is "wholly a creature of federal law", especially regarding its effects, enforcement, and extinguishment, the state is merely a passive agent of the federal government in maintaining records of such liens. C.f. *Ellis v. Blum*, 643 F.2d 68, 83 (2d Cir.1981), in which the court found that state officials who apply federal laws in administering federally-funded programs do not act under the color of state law. Petitioner fails to state a claim under Section 1983 upon which relief may be granted.

The court will enter an appropriate order.