**Barry ROBINSON, et al., Plaintiffs,**

v.

**William FAUVER, Defendant.**

**Civil Action No. 96–1808.**

United States District Court,
D. New Jersey.

July 19, 1996.

Barry Robinson, Camden, NJ, pro se.

James T. Gibbone, II, Camden, NJ, pro se.

Richard D. Linsky, Camden, NJ, pro se.

Janine L. Long, Deputy Attorney General, State of New Jersey, Department of Law and Public Safety, Division of Law, Trenton, NJ, for Defendant.

## OPINION

ORLOFSKY, District Judge:

*Pro se* Plaintiffs, Barry Robinson, James Gibbone, II, and Richard Linsky,[1] who are presently incarcerated at Riverfront State Prison ("RSP") in Camden, New Jersey, bring this action against Defendant, William Fauver, Commissioner of the New Jersey Department of Corrections ("NJDOC"). Plaintiffs seek injunctive relief and damages pursuant to 42 U.S.C. §§ 1983 and 1986, based upon the Defendant's alleged violations of their rights to equal protection and due process under the laws of the United States.

The issue presented to this Court for resolution is whether the failure of N.J.Admin.Code tit. 10A, § 1–2.2 to classify an inmate as indigent, when the inmate has "no funds in his or her account and is not able to earn inmate wages due to prolonged illness or any other uncontrollable circumstances," but *does* have a verified "outside source from which to obtain funds," *see id.,* violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment, the Fifth Amendment, or 42 U.S.C. § 1986. For the reasons set forth below, the Court finds that N.J.Admin.Code tit. 10A, § 1–2.2 does not impermissibly classify certain inmates as indigent, and others as nonindigent.

■ Although Barry Robinson, James Gibbone, II, and Richard Linsky are all named as plaintiffs on the complaint, only Barry Robinson has petitioned the Court to proceed *in forma pauperis* and presented the Court with a Declaration in Support of his Request to Proceed *In Forma Pauperis.* Because neither James Gibbone, II, nor Richard Linsky, has petitioned the Court to proceed *in forma pauperis,* or paid the requisite filing fee, the complaint will be dismissed as to Mr. Gibbone and Mr. Linsky. This Court's dismissal of the claims of Mr. Gibbone and Mr. Linsky, however, is without prejudice. Accordingly, the Court will treat the complaint as one filed solely by Plaintiff, Barry Robinson.

Defendant has moved to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.[2] Because section 1–2.2 does not impermissibly classify certain inmates as indigent, and others as nonindigent, Defendant's motion will be granted, and Mr. Robinson's complaint will be dismissed.

## I. *Background*

Plaintiff, Barry Robinson, filed this law suit against Defendant on April 17, 1996. The essence of Plaintiff's claims is that the Defendant "should only be permitted to debit a prisoners [sic] account to reimburse the State for legal photo-copying, medical co-payments, fines, court costs, and other assessments, based only on wages paid to a prisoner from work at his prison job, not

---

1. The fact that the Plaintiffs have filed their complaint on behalf of themselves as individuals, as well as "on behalf of all those prisoners similarly situated," (*see* Complaint at p. 1), is not relevant to the resolution of Defendant's motion to dismiss.

2. In Defendant's letter-brief in reply to Plaintiffs' opposition to Defendant's motion to dismiss ("Defendant's Reply"), Defendant has attached the Affidavit of Dennis Slavin. Defendant contends that "[s]ince [he] has now submitted an affidavit, the motion to dismiss must be converted to a motion for summary judgment pursuant to Fed.R.Civ.P. 56." (Defendant's Reply at 1). Because I neither considered nor relied upon Mr. Slavin's affidavit upon ruling on Defendant's motion to dismiss, Defendant's motion need not be converted into a motion for summary judgment.

from money from family and friends." (Complaint ¶ IV, p. 3–B).

More specifically, Plaintiff alleges that:

New Jersey Administrative Code (N.J.A.C. 10A:1–2.2) imposing an additional financial burden on only those indigents who are imprisoned who have outside sources from which to obtain money, such as from family or friends to reimburse the state for the costs of needed legal photo-copying, co-payments for medical treatment needed, and for fines, restitutions, and other assessments by the Court or prison administration, and not imposing the same financial burden on indigents who do not have other outside sources from which to obtain money and who live merely off state pay, constitutes a discriminatory classification violative of the Equal Protect [sic] Clause of the 14th Amendment, 42 U.S.C. §§ 1983 and 1986 of the United States Code.

(Complaint ¶ IV, p. 3).[3]

Plaintiff further contends that:

they have a Constitutionally protected property interest in money given to them by family and friends, and that Defendant cannot classify them as less indigent under N.J.A.C. 10A:1–2.2, solely due to having family and friends who provide them with an additional amount of money, than those prisoners who do not have an additional source of money (in addition to state-pay) without placing a greater financial burden on those prisoners whose family and friends do provide outside sources of funds.

(Id. at p. 3–A).

Defendant has now moved to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

## II. Standard for Dismissal Pursuant to Fed.R.Civ.P. 12(b)(6)

■ A motion to dismiss pursuant to Rule 12(b)(6) requires that the Court consider all factual allegations in the complaint, as well as all reasonable inferences to be drawn from the facts alleged, in the light most favorable to the plaintiff. *Gomez v. Toledo*, 446 U.S. 635, 636, 100 S.Ct. 1920, 1921–22, 64 L.Ed.2d 572 (1980); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir.1994). Likewise, all pleadings must be liberally construed so "as to do substantial justice." Fed. R.Civ.P. 8(f). This rule is especially important when a party is acting *pro se. Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Nevertheless, legal conclusions made in the guise of factual allegations will not be given the presumption of truthfulness and will not preclude the dismissal of a complaint. *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944–45, 92 L.Ed.2d 209 (1986). When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

## III. Discussion

### A. Standing

■ As a threshold matter, the Defendant contends that the Plaintiff's complaint should be dismissed since Plaintiff lacks the necessary standing to assert his claims. In order to have standing to sue, a party must have "a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Sierra Club v. Morton*, 405 U.S. 727, 731, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972); *Natural Resources Defense Council, Inc. v. Texaco Refining and Marketing Inc.*, 2 F.3d 493, 504 (3d Cir.1993).

■ In other words, a party must allege some sort of "injury in fact." *Association of Data Processing Service Organizations v. Camp*, 397 U.S. 150, 153, 90 S.Ct. 827, 829–30, 25 L.Ed.2d 184 (1970). To do so, a party must show that "he personally has suffered some actual or threatened injury." *Valley*

---

**3.** N.J.Admin.Code tit. 10A, § 1–2.2 (1996) defines "indigent inmate" as:

an inmate who has no funds in his or her account and is not able to earn inmate wages due to prolonged illness or any other uncontrollable circumstances, and who has been verified as having no outside source from which to obtain funds.

*Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). *See also Lewis v. Casey,* —— U.S. ——, 116 S.Ct. 2174, 135 L.Ed.2d .606 (1996).

Defendant alleges that the Plaintiff's complaint must be dismissed because, while the Plaintiff challenges the validity of N.J.Admin.Code tit. 10A, § 1–2.2's classification of inmates, the Plaintiff does not assert in the complaint that he, himself, has been, or will be, harmed in any way by such classification.

■ *Pro se* plaintiffs, however, must not be held to as high a pleading standard as other litigants, and therefore, *pro se* pleadings must be construed liberally by the Court. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). In his brief in opposition to Defendant's motion to dismiss ("Plaintiff's Brief"), Plaintiff contends that he has received, or desires to receive, "money from outside sources given to them by family-members and friends to buy the amenities needed to sustain additional care," and that he is or will be required to use such money to pay for various prison services. (Plaintiff's Brief at 2–3). Thus, when read together, Plaintiff's complaint and brief reveal a claim that he has been, or will be, required to use funds from outside sources to pay for certain prison services and that this requirement violates his rights under the Fourteenth and Fifth Amendment, as well as under 42 U.S.C. § 1986.

■ This Court will infer from the allegations of Plaintiff's complaint, as well as from his brief in opposition to Defendant's motion to dismiss, a claim that "he personally has suffered some actual or threatened injury" to his constitutionally and federally protected rights. *See Valley Forge Christian College,* 454 U.S. at 471, 102 S.Ct. at 757–58. *See also Gomez v. Toledo,* 446 U.S. 635, 636, 100 S.Ct. 1920, 1921–22, 64 L.Ed.2d 572 (1980) (on motion to dismiss, court must consider all factual allegations in the complaint, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff). Accordingly, this Court finds that Plaintiff has standing to prosecute this action and therefore, will not dismiss Plaintiff's complaint for lack of standing.

### B. *Equal Protection*

Plaintiff first contends that N.J.Admin.Code tit. 10A, § 1–2.2 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because the provision imposes an additional:

> financial burden on those indigents who are declared so live solely on money earned from state pay from work performed as a result of their prison job assignments, as the aforementioned Administrative Code does on prisoners who have friends and family-members who do render funds from outside sources.

(Complaint ¶ IV, p. 3–A). Plaintiff's allegation that section 1–2.2 fails to classify an inmate as indigent when the inmate has the ability to receive money from outside sources, while a prisoner who receives money from a prison job will be classified as indigent is erroneous as ·a matter of law. Indeed, inmates who receive money from a prison job and those who receive money from an outside source are treated equally under the law.

Section 1–2.2 defines an inmate as indigent as one who is able to meet the following three-prong test: (1) the inmate must have no funds in his or her account; (2) the inmate must be unable to earn inmate wages due to prolonged illness or any other uncontrollable circumstance; and (3) if the inmate is able to satisfy (1) and (2), the inmate must also be able to verify that he has no outside source from which to obtain funds. *See* N.J.Admin.Code tit. 10A, § 1–2.2. Therefore, contrary to Plaintiff's assertion, the regulation does not impose a lesser burden on inmates whose only income is state pay, since such inmates also would not be classified as indigent due to their inability to satisfy the second prong of the indigency test in section 1–2.2.

Section 1–2.2, however, does classify differently two categories of inmates: (1) those who have no money in their account, cannot work, and have no outside source of funds; and (2) those inmates who also have no mon-

ey in their account and cannot work, but do have an outside source of funds. Inmates in the first category will be classified as indigent, while inmates in the second category will not be deemed indigent. *See id.*

The effect of an inmate's classification as indigent or nonindigent is reflected in N.J.Admin.Code tit. 10A, § 6–2.6 and § 6–2.7, which delineate different procedures for legal photocopying for indigent and nonindigent inmates, respectively. Section 6–2.6 provides that if an inmate is classified as indigent, there will be no charge to the indigent inmate for legal photocopying.

As to nonindigent inmates, N.J.Admin.Code tit. 10A, § 6–2.7 provides that "[i]f the nonindigent inmate has funds in his or her account, the nonindigent inmate shall be charged for the cost of all photocopying of legal material [at a rate of $.10 per page]." This provision also sets forth a scheme for the gradual garnishment of the photocopying fees in the event that the nonindigent inmate "has temporarily overdrawn his or her account or has a balance in the account, but the balance is not sufficient to pay the cost of all photocopying of legal material." Section 6–2.7(c)–(g). In no case, however, will an inmate's account be debited if there is less than $15.00 in the inmate's account. Section 6–2.7(d)(1). Importantly, this provision neither denies an inmate classified as nonindigent access to legal photocopying merely because he or she temporarily lacks the ability to pay, nor requires an inmate to deplete his or her entire account in order to pay for legal photocopying.

Plaintiff also argues that the Legislature further discriminates against inmates who receive funds from outside sources by requiring such inmates to use the funds received from outside sources to pay for a portion of their medical expenses incurred while in prison. *See* N.J.Stat.Ann. § 30:7E–2 and –3. In both instances, the Plaintiff contends that an inmate who is required to use funds received from outside sources for the payment of legal photocopying or medical care is denied equal protection. In other words, the Plaintiff claims that such inmates are discriminated against on the basis of their wealth.

It is clear that "prisoners do not shed all constitutional rights at the prison gate." *Sandin v. Conner,* —— U.S. ——, ——, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). While "inmates are protected by the Equal Protection Clause of the Fourteenth Amendment," however, *see Hluchan v. Fauver,* 480 F.Supp. 103, 109 (D.N.J.1979) (citing *Durso v. Rowe,* 579 F.2d 1365, 1372 (7th Cir.1978), *cert. denied,* 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979)), the "treatment of prisoners is not subject to strict judicial scrutiny." *Id.*

"The Fourteenth Amendment's promise that no person shall be denied the equal protection of the laws must co-exist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." *Romer v. Evans,* —— U.S. ——, ——, 116 S.Ct. 1620, 1627, 134 L.Ed.2d 855 (1996). Accordingly, unless a law targets a suspect class, a legislative classification will be upheld "so long as it bears a rational relation to some legitimate end." *Id.*

Wealth, the basis on which the Plaintiff alleges that N.J.Admin.Code tit. 10A, § 1–2.2 discriminates, is not, alone, a suspect class for purposes of equal protection analysis. *See San Antonio School District v. Rodriguez,* 411 U.S. 1, 24, 93 S.Ct. 1278, 1291, 36 L.Ed.2d 16 (1973) ("[W]here wealth is involved, the Equal Protection Clause does not require absolute equality or precisely equal advantages."). Therefore, in order to pass constitutional muster, the regulation must merely bear "some rational relation to some legitimate end." *Romer,* —— U.S. at ——, 116 S.Ct. at 1627. *See also Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987) (prison regulation "is valid if it is reasonably related to legitimate penological interests.")

The Court finds that the regulation defining "indigent inmate" clearly passes this minimal level of scrutiny to which it must be subjected. Requiring inmates who have the ability to pay for legal photocopying and medical care to pay for those services, regardless of whether their funds are derived from the income from a prison job or from an outside source, furthers the NJDOC's legiti-

mate interest of promoting inmate responsibility and prudent management of money, conserving the resources of the state, and defraying the burgeoning cost of inmate medical care. *See* 28 N.J.Reg. 1543.

The classification of inmates who receive income from outside sources as nonindigent is "rationally related" to the NJDOC's legitimate interests set forth above. The Court finds that requiring inmates who have funds to pay for services such as legal photocopying to pay for such services, teaches fiscal responsibility and alleviates some of the financial burden which would otherwise be imposed upon the taxpayers of New Jersey. *See also Johnson v. Dept. of Public Safety and Correctional Services,* 885 F.Supp. 817 (D.Md.1995) (the "federal courts are not to second-guess the wisdom of prison regulations that do not violate constitutional norms").

▮ Accordingly, the Court finds that the classification of inmates, who do not have any funds in their account and who cannot work, but are able to receive funds from an outside source, as nonindigent, and requiring those inmates to use the funds derived from an outside source for the payment of legal photocopying and medical care does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Accordingly, Plaintiff's Equal Protection claim will be dismissed.

### C. *Due Process*

Plaintiff also contends that he has "a Constitutionally protected property interest in money given to them by family and friends." (Complaint ¶ IV, p. 3–A). He alleges, therefore, that requiring the use of these funds derived from outside sources for the payment of legal photocopying and medical care violates the Due Process Clause of the Fourteenth Amendment and the Fifth Amend-

ment, both of which proscribe the deprivation of a property interest without due process of law. *See Sandin v. Conner,* —— U.S. ——, ——, 115 S.Ct. 2293, 2297, 132 L.Ed.2d 418 (1995).

▮ Not "every state action carrying adverse consequences for prison inmates automatically activates a due process right." *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976). While an inmate does have a protected property interest in the funds in his or her prison account, an inmate does not have a right not to use such funds for the payment of services. *Johnson,* 885 F.Supp. at 821 (due process is not violated when deductions are made from an inmate's account "quite simply because they have purchased something on their own initiative."). *See also Scott v. Angelone,* 771 F.Supp. 1064, 1067–68 (D.Nev. 1991) (inmate not denied due process of law when account charged for medical visits where inmate had prior notice of policy).

▮ In this case, Mr. Robinson has not alleged that he has been charged fees for legal photocopying or medical care without prior notice that they would be charged. Instead, he merely asserts that he must pay for the legal photocopying and medical services rendered with the money received from his family and friends. In other words, Plaintiff seeks to have the taxpayers of the State of New Jersey pay for these services, notwithstanding his ability to pay. The Plaintiff's complaint, therefore, fails to allege a violation of the Due Process Clause of the Fourteenth or the Fifth Amendments.[4]

### D. *Violation of 42 U.S.C. § 1986*

Finally, Mr. Robinson claims that the Defendant has violated 42 U.S.C. § 1986. This statute is clearly inapplicable in this case. Liability under section 1986[5] occurs when

---

4. Plaintiff's claim for the violation of due process under the Fifth Amendment also fails for the simple reason that Fifth Amendment protection only applies when the *federal government* seeks to deprive a person of life, liberty or property. *See Bloom v. State of Illinois,* 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). Since the Plaintiff's allegations are not against the federal government, but instead against Commissioner Fau-

ver, a representative of NJDOC, a state agency, Plaintiff's Fifth Amendment claims must be dismissed.

5. 42 U.S.C. § 1986 provides in relevant part that:
   Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or

anyone having knowledge of a conspiracy of wrongs to be committed under 42 U.S.C. § 1985, has the power to prevent such wrongs, but fails to do so. *See Clark v. Clabaugh*, 20 F.3d 1290 (3d Cir.1994). Section 1985, in turn, proscribes conspiracies to deprive persons of constitutionally protected rights. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Rogers v. Mount Union Borough by Zook*, 816 F.Supp. 308 (M.D.Pa.1993).

■ Plaintiff has not alleged anything remotely related to a conspiracy to violate his civil rights or Defendant's failure to prevent "any of the wrongs conspired to be done." *See* 42 U.S.C. § 1986. Moreover, since "[s]ection 1986 is a companion statute to [s]ection 1985," *Church of Human Potential, Inc. v. Vorsky*, 636 F.Supp. 93, 96 (D.N.J. 1986), Plaintiff's failure to allege a violation of section 1985 in this case necessarily causes his section 1986 claim to fail as a matter of law. *See Rogers*, 816 F.Supp. at 314 ("a § 1986 suit may only be maintained in tandem with a § 1985 claim").

Based upon the reasons set forth above, Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted will be granted and Plaintiff's complaint will be dismissed.

### ORDER

This matter having come before the Court on July 19, 1996, on the motion of Defendant, William Fauver, to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R.Civ.P. 12(b)(6), Plaintiffs, Barry Robinson, James T. Gibbone, II, and Richard Linsky, appearing *pro se,* and Janine L. Long, Esq., Deputy Attorney General, State of New Jersey, Department of Law and Public Safety, appearing on behalf of the Defendant; and,

The Court having considered the Plaintiffs' complaint, and the briefs filed in support of, and in opposition to Defendant's motion;

For the reasons set forth in this Court's Opinion filed with this Order;

IT IS HEREBY ORDERED on this 19th day of July, 1996, that Defendant's motion is GRANTED, and the complaint of Plaintiff, Barry Robinson, is dismissed with prejudice; and,

IT IS FURTHER ORDERED that the claims of Plaintiffs, James T. Gibbone, II, and Richard Linsky, are dismissed without prejudice.

aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured[.]