**In re the Matter of the COMMISSIONER OF the INTERNAL REVENUE SERVICE,**

v.

**John HAYES, Cheryl Hayes, and/or Hayes & Associates, Inc.**

**Nos. C–85–4873 SC, C–85–7155 SC.**

United States District Court, N.D. California.

Dec. 6, 1985.

---

Joseph P. Russoniello, U.S. Atty., Jay R. Weill, Asst. U.S. Atty., Chief, Tax Div., San Francisco, Cal., for respondent.

J. Allan Steele, San Francisco, Cal., for petitioners.

### ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION TO QUASH

CONTI, District Judge.

This is a petition to quash certain IRS collection summonses served on Rome Finance Company in regard to the assessed tax liabilities of John and Cheryl Hayes. The summonses were issued on July 3, 1985 and September 5, 1985.

Respondent United States no longer seeks enforcement of the July 3, 1985 summonses. Accordingly, the only summons presently at issue is the September 5, 1985 summons.

The September 5, 1985 summons seeks information of any ownership interest the petitioners may have in certain diamonds. This information will be used by the Internal Revenue Service ("IRS") in an attempt to collect on petitioners' assessed tax liability for the years 1979 and 1980. Termination assessments for those years were made against petitioners on June 3, 1985 in the amounts of $2,381,949.52 and $1,565,-842.74.

In its present motion, respondent United States contends that petitioners lack standing under the relevant statute to bring the petition to quash, and that therefore the petition should be dismissed. Petitioners, on the other hand, claim that they have standing and that issuance of the summons is in any event barred under § 7602(c)(1), which provides that no IRS summons may issue "with respect to any person if there is a Justice Department referral in effect with respect to such person." 26 U.S.C. § 7602(c)(1). Since petitioner John Hayes was indicted for conspiring to defraud the IRS during the tax years of 1976 and 1977, petitioners contend that § 7602(c)(1) bars issuance of the present summons which is directed at collecting on petitioners' assessed tax liability for the years 1979 and 1980.

Upon a review of the record, the court finds petitioners' arguments to be without merit.

■ As regards the standing issue, § 7609(b) of the Internal Revenue Code provides that

... any person who is entitled to notice of a summons under subsection (a) shall

have the right to begin a proceeding to quash such summons....

26 U.S.C. § 7609(b)(2)(A). Subsection (a), however, provides that persons are only entitled to notice (and thus to bring a petition to quash) with respect to summonses described in subsection (c). That subsection provides that:

> (2) *Exceptions*—A summons shall not be treated as described in this subsection if—
>
> ....
>
> (B) it is in aid of the collection of—
> (i) the liability of any person against whom an assessment has been made or judgment rendered....

26 U.S.C. § 7609(c)(2)(B)(i). Since the summons at issue in the present case clearly represents an attempt to collect on the petitioners' tax liability for the assessed years of 1979 and 1980, it squarely falls within the exception to the notice requirements set forth in subsection (c). Accordingly, since the right to petition to quash a summons is contingent upon the right to notice thereof, under § 7609(b)(2)(A), and petitioners herein have no right to notice, the court finds that petitioners have no standing to bring the present motion to quash.

Nor does the court find that the summons is barred under 26 U.S.C. § 7602(c). It is true that subsection (1) of that section bars the issuance of an IRS summons with respect to any person who is the subject of a Justice Department referral. Subsection (3) of that section also provides, however, that:

> (3) ... *For purposes of this subsection* [prohibiting issuance of summonses when there is Justice Department referral], each taxable period ... shall be treated separately.

26 U.S.C. § 7602(c)(3). Thus, treating the taxable periods of 1976 and 1977, which were covered by the indictment, separately from the taxable periods of 1979 and 1980, which are the subject of the present summons, the court finds that there are no Justice Department referrals with respect to the latter periods, and hence that the summons is not barred under § 7602(c). Accordingly, respondents' motion to dismiss the petition to quash must be granted.

In accordance with the foregoing, it is hereby ordered that respondents' motion to dismiss the petition to quash is granted.