Joseph **BANCSI**, Plaintiff,

v.

Marcia J. **PENNINGTON**, et al., Defendants.

No. 1:89CV2371.

United States District Court, N.D. Ohio, E.D.

Oct. 29, 1992.

Joseph Bancsi, pro se.

Annette G. Butler, Asst. U.S. Atty., Cleveland, OH, for defendants.

## MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

MATIA, District Judge.

This case is before this Court on the motion to dismiss filed by the defendant, United States of America.

The complaint in the instant case seeks to quash a summons which was issued to TRW by Internal Revenue Service ("IRS") agent Marcia J. Pennington. The summons asked TRW to produce a credit report regarding "Joseph Bancsi, Bancsi & Bancsi Co. L.P.A." The complaint contends that Pennington deliberately delayed mailing notice of the summons to plaintiff, Joseph Bancsi, to defeat his right to file a petition to quash the summons. The complaint also contends that the IRS was not entitled to personal information about plaintiff in connection with its efforts to collect the tax obligations of Bancsi & Bancsi, Co. L.P.A.[1]

In its motion to dismiss, the United States contends that this Court lacks jurisdiction to quash the summons to TRW. Alternatively, the United States asserts that the complaint fails to state a claim. The United States argues that it is entitled to sovereign immunity from suit by plaintiff, because plaintiff has no statutory right to move to quash the IRS's summons to TRW. Plaintiff has not opposed the United States' motion.

Under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent. The terms of the government's consent to suit define the Court's jurisdiction, so any consent to suit must be strictly construed. *See, e.g., United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).

26 U.S.C. § 7609 contains special provisions regarding IRS summonses issued to third-party record keepers (like TRW). § 7609(b)(2)(A) provides that "any person who is entitled to notice of a summons [to a third-party record keeper] under [§ 7609(a)] shall have the right to begin a proceeding to quash such summons." Thus, the question whether plaintiff had the right to move to quash the IRS summons depends upon whether the plaintiff was entitled to notice of the summons under § 7609(a).

Generally, § 7609(a) requires the IRS to provide notice to the person whose records have been summoned. However, no notice need be provided if the summons is issued to aid the collection of a tax liability which was previously assessed or adjudged. § 7609(c)(2)(B)(ii). Since the IRS need not provide notice of a summons issued in aid of collection, no person has a right to move to quash such a summons. "Essentially, a District Court lacks jurisdiction to entertain a petition to quash a collection summons." *Church of Human Potential, Inc. v. Vorsky,* 636 F.Supp. 93, 94 (D.N.J.1986).

Here, IRS agent Pennington declares that the summons was issued to TRW in aid of the collection of the assessed tax liability of Bancsi & Bancsi Co., L.P.A. In his complaint, plaintiff essentially admits that that was the purpose of the summons. Under the terms of § 7609(c)(2)(B)(ii), plaintiff was not entitled to notice of the summons and therefore had no right to move to quash the summons. Because the United States has not consented to be sued under these circumstances,

---

1. In a prior order, this Court dismissed a second count of the complaint on plaintiff's motion. The Court also substituted the United States as the defendant in this case, in place of Marcia Pennington and the IRS.

the Court finds that it lacks jurisdiction over plaintiff's complaint, and will dismiss this case, with prejudice.