Diane C. ROBERTSON, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 93–14081–CIV.

United States District Court, S.D. Florida.

Oct. 15, 1993.

Richard V. Neill, Jr. of Neill Griffin Jeffries & Lloyd Chartered, Fort Pierce, FL, for petitioner.

Alvarez L. LeCesne, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC for respondent.

*ORDER DENYING RESPONDENT'S MOTION TO DISMISS*

RYSKAMP, District Judge.

THIS CAUSE came before the Court upon Respondent's Motion to Dismiss a Petition to Quash Internal Revenue Service ("IRS") summonses served on Riverside National Bank. Petitioner has responded in opposition. Oral argument was heard on September 14, 1993.

THE COURT has considered the Motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the said Motion be, and the same is hereby DENIED.

Two IRS summonses were issued to Riverside National Bank on March 24, 1993 by Revenue Officer Laura Thayer. The summonses were issued in connection with tax liabilities of T.L. and JoAnn R. Sloan for the 1986 tax year. However, the summonses did not request records concerning the Sloans. Rather, one summons requested all bank records regarding Petitioner's checking, loan, and savings accounts for the calendar years 1990, 1991, and 1992. The other summons requested information regarding the bank's liens against certain of Petitioner's real property.

The IRS asserts that it is not attempting to determine whether any tax liability is owed by Petitioner. United States' Reply Brief, p. 3. Rather, the IRS contends the summonses are in aid of the collection of the unpaid tax liability of the Sloans. Petitioner states, however, in her affidavit that she has no legal or business relationship with the Sloans nor do the Sloans hold any legal or equitable interest in the accounts or real property identified in the summonses. Robertson Affidavit, ¶¶ 2, 3.

Revenue Officer Thayer gave notice of the summonses to Petitioner by certified mail dated March 24, 1993. On April 13, 1993 Petitioner filed the Petition to Quash. On June 18, 1993 the IRS filed this instant Motion to Dismiss.

The IRS argues that Section 7609(h)(1) of the Internal Revenue Code of 1986 (26 U.S.C.), on which Petitioner relies to confer subject matter jurisdiction to this Court, does not apply in this case by operation of 26 U.S.C. § 7609(c)(2)(B) because the summonses at issue were issued in aid of the collection of outstanding tax liability.

The statutory scheme is as follows. Section 7609(h)(1) provides that the district court in the district within which "the person to be summoned" resides has jurisdiction over any proceeding brought under subsection (b)(2), (f), or (g). Subsection (b)(2) pertains to proceedings to quash, which Petitioner has instigated. Subsection (b)(2) provides that any person may begin a proceeding to quash a summons if such person was "entitled to notice of a summons under subsection (a)." Under subsection (a), a notice of the summons must be given to any person identified in a summons if (*i*) a summons is served on a third-party recordkeeper and (*ii*) the summons requires the production of any records made or kept of business transactions or affairs of any person who is identified in the description of the records contained in the summons. 26 U.S.C. § 7609(a)(1)(A) and § 7609(a)(1)(B).

This general rule requiring notice and thus conferring standing to begin a proceeding to quash squarely applies in this case. The summonses at issue was served on a bank, third-party recordkeeper (see 26 U.S.C. § 7609(a)(3)(A)) and required the production of records of business affairs of Petitioner, who is identified by name in both summonses.

Respondent's argument, however, is that the general rule as to the entitlement of notice (and thus standing to begin a proceeding to quash) does not apply to the summonses at issue by operation of 26 U.S.C. § 7609(c)(2)(B)(i). Respondent argues that because the summonses were issued "in aid of the collection" of the tax liability of the Sloans, who are persons "against whom an assessment has been made or judgment rendered," Petitioner was not entitled to notice of the summonses.

Although the bare statutory language may afford room for such an interpretation, the

legislative context as well as common sense require that such a reading be rejected. The House Committee describes the purpose behind the "in aid of collection" exception as follows:

> However, this procedure will not apply in the case of a summons used solely for the purposes of collection ... Thus, where the Service has made an assessment or obtaining [sic] a judgment against a *taxpayer* and serves a summons on a bank, for example, in order to determine whether the *taxpayer* has an account in that bank, and whether the assets in that account are sufficient to cover the tax liability which has been assessed, the Service is not required, under the committee bill, to give notice to the *taxpayer* whose account is involved [emphasis added].

1976 U.S.Cong. & Admin.News at 2897, 3206. The Senate Report included essentially the same wording. 1976 U.S.Cong. & Admin.News at 3800–01. This Court interprets the exception, therefore, as intending to apply narrowly to summonses issued to third-party recordkeepers where the *taxpayer* whose tax liability has been assessed has a recognizable interest in the records summoned.

There is no indication to support Respondent's much more broadly sweeping interpretation of the exception. Indeed, if Respondent's interpretation were accepted, the exception would swallow up the rule. Any and all IRS summonses would require no notice to parties in interest as long as the IRS contends that the summons is "in aid of collection" of *some* (even completely unrelated) taxpayer's liability. This clearly contradicts the intent of Congress, which saw the need for the use of summonses, including the third-party summons, but also recognized that "the use of this important investigative tool should not unreasonably infringe on the civil rights of taxpayers, including the right to privacy." The notice provision was the cure for this potential problem. House Ways and Means Committee Report, 1976 U.S.Cong. & Admin.News 2897, 3203. The Senate Finance Committee Report contained the identical language. 1976 U.S.Cong. & Admin.News 3439, 3797–98. In light of the

general congressional intent regarding 26 U.S.C. § 7609, and evidence of a narrow interpretation of subsection (c)(2)(B) in particular, this Court holds that the "in aid of collection" exception does not apply to the summonses issued to Petitioner in this case, that Petitioner has standing to begin a proceeding to quash the summonses, and that this Court has jurisdiction over this matter, all pursuant to the previously cited subsection of 26 U.S.C. § 7609.

The Respondent's reliance upon *C.I.R. v. Hayes*, 631 F.Supp. 785 (N.D.Cal.1985) is misplaced. In *Hayes*, the court found that the 26 U.S.C. § 7609(c)(2)(B) exception did apply because the it was the taxpayer (whose tax liability had already been assessed) who sought to quash the summons served on a third party recordkeeper. Such a case, as the court in *Hayes* notes, "squarely falls within the exception to the notice requirements ..." *Hayes* at 787. The instant case is more like the case in *Barnhart v. United Penn Bank*, 515 F.Supp. 1198 (M.D.Pa.1981) (Notice required where IRS summons a bank for the records of *officers* of the corporation taxpayer in the "aid of collection" of the corporation taxpayer.)

DONE AND ORDERED.