UNITED STATES COURT OF APPEALS

**Filed 10/28/96**

FOR THE TENTH CIRCUIT

JOHN COX,

        Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 95-9025
Appeal from U.S. Tax Court
(T.C. No. 8561-95)

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District
Judge.

        After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable John W. Lungstrum, District Judge, United States District Court
for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Petitioner John Cox appeals from an order of the United States Tax Court upholding a notice of deficiency issued by the Internal Revenue Service.  We affirm.

The government filed a notice of tax deficiency against Mr. Cox in tax court.  Mr. Cox responded asserting he was not liable for the deficiency because he is not identified as a taxpayer in the tax code.  He did not deny that he had received the income attributed to him or that the government's determinations were erroneous.  The tax court found the deficiency correct as charged.

On appeal, Mr. Cox argues the government cannot use a deficiency procedure to collect a "Qualified State Individual Income Tax."  Petitioner's br. at 2.  He also asserts that the deficiency notice was defective and unenforceable and federal law does not apply to him because he is not a taxpayer, but a state citizen.  He contends the federal government has jurisdiction only where it has established ownership of the identified property and has produced documentation that the state ceded the property to the federal government waiving all jurisdiction over it.

Mr. Cox did not present any evidence to the tax court contesting the amounts owed as computed by the government.  Absent such evidence, we must uphold the tax court's determination.

On appeal, Mr. Cox argues the government cannot use a deficiency procedure to collect a "Qualified State Individual Income Tax." This argument appears to be an assertion that the Notice of Deficiency he received concerned state taxes, not federal. Mr. Cox concludes that the deficiency notice was defective and unenforceable because the "Commissioner is not authorized to issue a Notice of Deficiency for the collection of Qualified State Individual Income Taxes." Appellant's br. at 4.

This argument is frivolous and without merit. The Notice of Deficiency was issued by the Department of the Treasury--Internal Revenue Service and contained an assessment of Mr. Cox's deficiency under the federal tax code. R. Vol. I at 4, ex. A. The government was not attempting to collect any state tax which may also be due. Therefore, use of the deficiency form was not error.

Mr. Cox asserts federal law does not apply to him because he is not a taxpayer, but a state citizen. All citizens of the United States are liable for income taxes and every person born in the United States is a citizen of the United States. See 26 C.F.R. § 1.1-1(b)(c); cf. Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990)(rejecting argument that individual who is a citizen of a state is not a person under Internal Revenue Code as "completely lacking in legal merit and patently frivolous"). This argument is without merit.

Finally, Mr. Cox contends the federal government has jurisdiction only where it has established ownership of the identified property and has produced documentation that the state ceded the property to the federal government waiving all jurisdiction over it.  This argument echoes the "hackneyed tax protester refrain that federal . . . jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories."  United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990), cert. denied, 500 U.S. 920 (1991).  As in Collins, we consider this argument to be one that "defies credulity."  Id.  For eighty years, the Supreme Court has recognized that the Sixteenth Amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves.  See Brushaber v. Union Pac. R.R., 240 U.S. 1, 12-19 (1916).

The government has moved for sanctions pursuant to Fed. R. App. P. 38 in the amount of $2,000.00.  Mr. Cox has had the opportunity to respond to this motion, but has failed to do so.  See Braley v. Campbell, 832 F.2d 1504, 1515 (10th Cir. 1987); Lonsdale, 919 F.2d at 1447 (applying Braley notice requirement to pro se litigants).

An appeal is frivolous for purposes of Rule 38 when the bulk of a party's assertions to the district court and this court constitute a refrain about the government's power to tax individuals.  Mr. Cox's arguments, as noted above,

-4-

have been continually rejected by the courts. Arguments reflecting such contemptuous disregard for established legal authority have no place in this court. "Courts are in no way obligated to tolerate arguments that thoroughly defy common sense." Charczuk v. Commissioner, 771 F.2d 471, 475 (10th Cir. 1985). Further, the government has no obligation to bear the burden of meritless litigation. Id. at 476. The government's motion for sanctions is GRANTED.

Mr. Cox has moved to strike all statements in the government's brief referring to him as a taxpayer and to his failure to file tax returns. This motion is DENIED. The decision of the tax court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


John W. Lungstrum
District Judge