**David PFLUM, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Nos. 96–4105–SAC, 96–4106–SAC and 96–4113–SAC.

United States District Court, D. Kansas.

Jan. 31, 1997.

David Pflum, St. Mary's, KS, pro se.

Jaye Rooney, U.S. Department of Justice, Office of Special Litigation—Tax Div., Washington, DC, for respondent U.S.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On May 13, 1996, Revenue Officer Angie Anderson, an employee of the Internal Revenue Service, caused summonses to be issued to three financial institutions[1] to aid in the collection of unpaid federal tax liability assessed against David Pflum on April 10, 1990.[2] Each summons sought the production of Pflum's banking records, including loan applications, agreements and financial statements, for the period of January 1, 1988, through May 13, 1996.

On May 28, 1996, Pflum filed two separate pleadings titled "Petition to Quash Internal Revenue Service Summons." On June 21, 1996, Pflum filed a third pleading bearing the same title as the pleadings filed on May 28, 1996. In each of those pleadings Pflum seeks to challenge the United States' authority to issue third party summons to each of the three financial institutions. In each pleading, Pflum contends that he is not a person liable for or subject to federal income taxes.[3] Consequently, the issuance of the summonses are inappropriate and unlawful.

This case comes before the court upon the United States' "Motion to Dismiss Petitions to Quash Summonses and Supporting Memorandum" (Dk. 6). In that motion the United States argues that based upon 26 U.S.C. § 7609(c)(2)(B)(i), this court lacks subject matter jurisdiction to consider each of Pflum's petitions. In the alternative, the

---

1. The three financial institutions are Kaw Valley State Bank & Trust of Wamego, Kansas, Home Savings of America F.A., of Industry, California, and Wells Fargo Mortgage Loan Center, of San Diego, California.

2. On April 10, 1990, pursuant to 26 U.S.C. § 6672, Pflum was assessed a trust fund recovery penalty in the amount of $39,196.64 for the 1989 tax year. As of June 24, 1996, the balance due on that assessment, including interest, was $44,266.36.

3. Pflum does not endeavor to fully explain the basis of this purported immunity, other than

stating that he is not a "person" subject to the internal revenue laws. As the government correctly notes, similar arguments and declarations have been rejected as frivolous by the Tenth Circuit. *See Cox v. Commissioner of Internal Revenue,* 99 F.3d 1149 (10th Cir.1996) (Table; available on Westlaw at 1996 WL 621958) ("All citizens of the United States are liable for income taxes and every person born in the United States is a citizen of the United States."); *Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir. 1990); *United States v. Dawes,* 874 F.2d 746, 750–51 (10th Cir.1989) ("Individuals are 'persons' under the Internal Revenue Code ...").

United States contends that Pflum's petitions otherwise fail on the merits.[4]

Pflum filed a twenty-one page response to the United States motion. Pflum concedes that this court lacks jurisdiction over the summons issued to Wells Fargo Mortgage Loan Center and Home Savings of America, F.A., as neither of those institutions reside or are found within the jurisdiction of the District of Kansas. *See* 26 U.S.C. § 7609(h)(1); *Fortney v. United States,* 59 F.3d 117, 119 (9th Cir.1995). In any event, Pflum contends that the exception in § 7609(c)(2)(B)(i) does not apply to the summonses issued in these cases. Pflum argues that certain deficiencies in each summons, including lack of prior notice to him, make them unenforceable and warrant the relief he seeks.

In its reply brief, the government contends that Pflum's contention that the exception embodied in § 7609(c)(2)(B)(i) does not apply in these cases is unsupported both legally and factually. The government contends that all three of Pflum's petitions should dismissed with prejudice for lack of subject matter jurisdiction, as the plain language of § 7609(c)(2)(B)(i) makes it clear that no district court anywhere has jurisdiction to consider Pflum's petitions.

### ANALYSIS

"The United States, as sovereign, is immune from suit unless it consents to be sued." *Tew v. United States,* 86 F.3d 1003, 1004 (10th Cir.1996).

Thus, under sovereign immunity principles, the United States may be sued only if and to the extent that it consents. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). " '[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *Id.* (quoting *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976)). "Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute." *Fostvedt v. United States,* 978 F.2d 1201, 1202 (10th Cir.1992), *cert. denied,* 507 U.S. 988, 113 S.Ct. 1589, 123 L.Ed.2d 155 (1993). *Kelley v. United States,* 69 F.3d 1503, 1507 (10th Cir.1995). "When the United States of America is a defendant in an action by a taxpayer, the taxpayer has the burden of showing an explicit waiver of sovereign immunity as a prerequisite to federal court jurisdiction." *Niewald v. Internal Revenue Service,* 73 F.3d 373 (10th Cir.1996) (Table; available on Westlaw at 1996 WL 5551) (citing *National Commodity and Barter Ass'n v. Gibbs,* 886 F.2d 1240 (10th Cir.1989)).

Although § 7609(b) establishes a procedure for any person "who is entitled to notice" of a third-party summons issued pursuant to § 7609(a) to bring a proceeding to quash such summons, § 7609(c)(2)(B)(i) creates an exception to this general rule: "A summons shall not be treated as described in this subsection if— ... (B) it is in aid of the collection of—(i) the liability of any person against whom an assessment has been made or judgment rendered." In *Bancsi v. Pennington,* 812 F.Supp. 759 (N.D.Ohio 1992), the district court explained:

Generally, § 7609(a) requires the IRS to provide notice to the person whose records have been summoned. However, no notice need be provided if the summons is issued to aid the collection of a tax liability which was previously assessed or adjudged. § 7609(c)(2)(B)(ii). Since the IRS need not provide notice of a summons issued in aid of collection, no person has a right to move to quash such a summons. "Essentially, a District Court lacks jurisdiction to entertain a petition to quash a collection summons." *Church of Human Potential, Inc. v. Vorsky,* 636 F.Supp. 93, 94 (D.N.J. 1986).

812 F.Supp. at 760. The legislative history of § 7609(c)(2)(B) clearly supports this analysis:

However, this procedure will not apply in the case of a summons used solely for purposes of collection.... Thus, where the Service has made an assessment or obtained a judgment against a taxpayer and serves a summons on a bank, for

---

4. In light of the court's ruling on the issue of subject matter jurisdiction, it is unnecessary for the court to address the alternative arguments advanced by the United States.

example, in order to determine whether the taxpayer has an account in that bank, and whether the assets in that account are sufficient to cover the tax liability which has been assessed, the Service is not required, under the committee bill, to give notice to the taxpayer whose account is involved.

H.R.Rep. No. 94–658, at 310 (1976), *reprinted in* 1976 U.S.C.C.A.N. 2897, 3206.

Each summons issued by the IRS and challenged by Pflum falls squarely within the exception created by § 7609(c)(2)(B)(i), and nothing argued by Pflum—including his contention that he is not subject to federal income tax—demonstrates otherwise. Each summons represents an attempt to collect on Pflum's 1989 tax liability. As the government suggests, numerous federal courts have dismissed similar petitions to quash third-party summonses under § 7609(c)(2)(B)(i). *See, e.g., Don v. Internal Revenue Service,* No. MS 95–4487, 1996 WL 249351, *2 (D.Idaho Feb. 27, 1996) (based upon § 7609(c)(2)(B)(i), IRS summons issued in aid of collection of a tax assessment is exempt from provisions of § 7609(b)'s allowance of proceedings to quash, "and thus the government has not waive its sovereign immunity in this action and the action must be dismissed."); *Patrick v. United States,* No. 95 cv–70260, 1995 WL 611602 (E.D.Mich. Aug. 17, 1995) (summons constituting collections summons under § 7609(c)(2) is exempt from provisions authorizing proceedings to quash); *Kersting v. United States,* 818 F.Supp. 297, 303 (D. Hawaii 1992) (Under § 7609(c)(2)(B)(i), "the IRS is allowed to summon records of a taxpayer without notice when trying to collect an assessment."); *Bansci,* 812 F.Supp. at 760–61 ("Because the United States has not consented to be sued under these circumstances, the Court finds that it lacks jurisdiction over plaintiff's complaint, and will dismiss this case, with prejudice."); *C.I.R. v. Hayes,* 631 F.Supp. 785, 787 (N.D.Cal.1985). Pflum's contention that these summonses somehow fall outside the scope of this exception because they seek production of documents is unsupported by the plain language of § 7609(c)(2)(B) and its legislative history.

Nothing argued by Pflum demonstrates the existence of an exception allowing him to escape the plain language of § 7609(c)(2)(B)(i). The United States has not waived sovereign immunity in these cases. Consequently, the court dismisses each of Pflum's petitions to quash with prejudice [5] for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that the United States' "Motion to Dismiss Petitions to Quash Summonses and Supporting Memorandum" (Dk. 6) is granted. Pflum's petitions to quash filed in Case No. 96–4105–SAC, Case No. 96–4106–SAC and Case No. 96–4113–SAC are each dismissed with prejudice for lack of subject matter jurisdiction.

---

**5.** Because no district court would have jurisdiction to consider Pflum's petition, the court denies Pflum's request to dismiss without prejudice his petitions related to the summonses issued to the two California institutions.